**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **HEATHER GIFFORD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 1:12-cv-183 SNLJ** |
| | ) | |
| **POPLAR BLUFF R-1 SCHOOL DISTRICT** | ) | |
| **d/b/a POPLAR BLUFF TECHNICAL** | ) | |
| **CAREER CENTER** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**MEMORANDUM and ORDER**</u>

Plaintiff was a student in the defendant Poplar Bluff R-1 School District d/b/a Poplar Bluff Technical Career Center ("School District"), which provides education in cosmetology that is accredited by the Missouri State Board of Cosmetology.   Plaintiff filed this lawsuit against defendant following a dispute about plaintiff's tuition payment.  The lawsuit was originally filed in the Circuit Court of Butler County, Missouri, on October 29, 2012.  The defendant removed the matter to this Court on November 5, 2012.  The defendant has moved for partial summary judgment (#14).  The motion has been fully briefed and is now ripe for disposition.

I.    **Background**

The following facts are undisputed except where indicated.  Plaintiff was admitted and enrolled in the School District's cosmetology program for the year 2008.  At that time, plaintiff paid a portion of the $4,490 tuition.  At the time plaintiff interviewed for and was accepted to the program, plaintiff had recently been in a car accident and had suffered a broken leg.  She missed several days of the program in order to attend doctor and physical therapy appointments.   Each student is require to attend 1,220 hours to complete the program.  Excessive absenteeism can

result in a student's termination from the program, and plaintiff was in fact terminated from the program for that reason in July 2008. Plaintiff appealed that decision, and the School District sent her a letter stating that she could re-enroll in the program, but plaintiff states that she never got the letter because the District sent it to the wrong address. Plaintiff did not re-enroll as a result. Instead, plaintiff enrolled in another accredited cosmetology program and obtained Certificate in Cosmetology.

On July 14, 2008, defendant reported to the Missouri State Board of Cosmetology ("Board") that plaintiff had not made a complete payment for the 2008 cosmetology program. When plaintiff sought her license from the Board, the Board refused to grant the license due to the defendant's report to the Board that she had an outstanding balance with the defendant. Plaintiff ultimately paid the balance (which she disputes was owed) in order to take the licensing exam and obtain her license from the Board.

Plaintiff's complaint includes six counts.

Count I seeks a refund of payments she made to defendant for services defendant failed to provide.

Count II is for violations of the Missouri Merchandising Practices Act arising from the defendant's alleged "deception, fraud, false pretense, misrepresentation, unfair practices and concealment, omission and suppression of material facts upon" plaintiff. In particular, plaintiff asserts that defendant unlawfully retained her money, retained her cosmetology kit that plaintiff paid for, and prevented her from obtaining a license by reporting an unpaid balance to the Board.

Count III is for breach of contract.

Count IV is for tortuous interference with plaintiff's business relationship with the Board.

Count V is apparently for defamation, based on defendant's alleged publication of false statements to the Board.

Count VI is for deprivation of plaintiff's property interest in obtaining a license from the Board in violation of 28 U.S.C. § 1983.

Defendant now seeks summary judgment on Counts I-II and IV-VI.

## II.    Legal Standard

Pursuant to Rule 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *Mt. Pleasant*, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976). With these principles in mind, the Court turns to the discussion.

### III.     Discussion

Defendant contends that sovereign immunity bars plaintiff's tort claims asserted in Counts II, IV, and V.  In addition, defendant contends that summary judgment is appropriate as to Counts I and VI for other reasons, as discussed further below.

### A.      Sovereign Immunity and Counts II, IV, and V

Defendant School District, as a public school district providing post-secondary education, is entitled to the protection of sovereign immunity from and against tort claims under § 537.600 R.S.Mo unless a statutory exception applies.  The plaintiff does not contest that Counts II, IV, and V contain tort claims that would ordinarily be subject to immunity by a state.  Instead, plaintiff contends that the defendant School District is subject to the Missouri common law "proprietary exception" to sovereign immunity.  A municipality is deprived of immunity when performing proprietary functions. *Beiser v. Parkway School Dist.*, 589 S.W.2d 277, 280 (Mo. banc 1979) (citing *St. Joseph Light & Power Co. v. Kaw Valley Tunneling Inc.*, 589 S.W.2d 260 (Mo. banc 1979)).

However, as the Missouri Supreme Court stated, "[t]he proprietary-governmental dichotomy applies only in the law of municipal corporations, and not to activities of the state....A school district enjoys sovereign immunity, and there is no need to invoke the proprietary-governmental analysis." *State ex rel. Missouri Dep't of Agric. v. McHenry*, 687 S.W.2d 178, 181-82 & n.5 (Mo. banc 1985) (citing *Rennie v. Belleview School Dist.*, 521 S.W.2d 423 (Mo. banc 1975); *Smith v. Consolidated School Dist.*, 408 S.W.2d 50 (Mo. banc 1966)).  Indeed, school districts are not municipalities for purposes of sovereign immunity.  *See Rennie*, 521 S.W.2d at 424 ("It would serve no useful purpose in this case, involving a school district and not a municipality, to enter the maze of the 'governmental-proprietary' dichotomy."); *see also State ex*

*rel. Lebanon School Dist. R-III v. Winfrey*, 183 S.W.3d 232, 234 n.2 (Mo. banc 2006) (citing

*Beiser*, 589 S.W.2d 277). The Court acknowledges the confusion surrounding the matter of

sovereign immunity and school districts in that *McHenry* does not mention *State ex rel. Allen v.*

*Barker*, 581 S.W.2d 818 (Mo. banc 1979), which *did* apply the proprietary/governmental

dichotomy test to a school district. But *Barker* is inconsistent with both prior and more recent

Missouri Supreme Court decisions, and, as such, appears to be an aberration. *See Wollard v. City*

*of Kansas City*, 831 S.W.2d 200, 203 (Mo. banc. 1992) ("The common law governmental/

proprietary test retains vitality only in suits against municipal corporations that do not involve the

express waivers contained in § 537.600."); *State ex rel. Bd. of Trustees of City of North Kansas*

*City v. Russell*, 843 S.W.2d 353, 358-59 (Mo. banc. 1992) (quoting *Woolard*). In light of ample

authority that school districts are not municipalities and thus are not subject to the governmental-

proprietary dichotomy test, the Court will grant summary judgment to defendant on Counts II,

IV, and V because defendant is entitled to sovereign immunity as to those tort claims.

**B.      Count I**

Count I states only that

> 17. Plaintiff incorporates herein the allegations set forth in paragraphs 1-16.

> 18. Defendant retained payments from Plaintiff for services that Defendant
> failed to provide.

> 19. Accordingly, Plaintiff is entitled to a refund of the payments that she
> made for services that Defendant failed to provide.

Plaintiff states in her brief that Count I states a claim for assumpsit. Assumpsit "an action on a

contract implied by law and for a consideration received, as distinguished from a suit for tort or

for the breach of an express contract." *U.S. Fid. & Guar. Co. v. Mississippi Valley Trust Co.*,

153 S.W.2d 752, 757 (Mo. App. E.D. 1941). Plaintiff attempts to connect her "assumpsit" claim

to the covenant of good faith and fair dealing — but that covenant is implied in *all* contracts.
*See Farmers' Elec. Co-op., Inc. v. Missouri Dep't of Corr.*, 977 S.W.2d 266, 271 (Mo. banc 1998). Moreover, such a claim would be subsumed by plaintiff's Count III, which is for breach of contract and which defendant does not contend is appropriate for summary judgment. Ultimately, plaintiff's "assumpsit" claim cannot stand because school districts are prohibited from making any contract that is not in writing. § 432.070 RSMo. As a result, Missouri courts have held that "[s]chool districts cannot be held liable on implied contract." *Strain-Japan R-16 Sch. Dist. v. Landmark Sys., Inc.*, 51 S.W.3d 916, 922 (Mo. App. E.D. 2001) (citing § 432.070 RSMo.). The Court will therefore grant summary judgment to the defendant on Count I.

C.     **Count VI**

Count VI is for violations of plaintiff's civil rights under 42 U.S.C. § 1983 and the Missouri Constitution. Defendant states that it is entitled to summary judgment on this count because plaintiff did not have a "protected property interest" that was deprived "without due process of law."

"The Missouri and United States constitutions both prohibit states from depriving a person of a property interest without due process of law." *Stone v. Missouri Dep't of Health & Senior Servs.*, 350 S.W.3d 14, 27 (Mo. banc 2011) (citing U.S. Const. Amend. 14; Mo. Const. art. I, sec. 10). In order to state a procedural due process claim, a plaintiff must first show that she has a "protected property interest to which the Fourteenth Amendment's due process protection applies." *Bituminous Materials, Inc. v. Rice County, Minn.*, 126 F.3d 1068, 1070 (8th Cir. 1997). A protected property interest must be more than a "mere subjective expectancy." *Id.* "Although the underlying substantive interest is created by an independent source such as state law, federal constitutional law determines whether that interest rises to the level of a legitimate

claim of entitlement protected by the Due Process Clause." *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 757 (2005) (internal quotations omitted).

To show a property interest in a license, plaintiff must "have more than a unilateral expectation of it" — she must "have a legitimate claim of entitlement to it." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). As the Supreme Court stated, the "Fourteenth Amendment's procedural protection of property is a safeguard of the security of interests that a person *has already acquired* in specific benefits." *Roth*, 408 U.S. at 576 (emphasis added). Notably, "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion." *Gonzales*, 545 U.S. at 755.

Here, plaintiff argues that the defendant prevented her from obtaining a license in cosmetology by wrongly reporting that plaintiff owed defendant "contractual money," that defendant failed to notify plaintiff that the report was made, and that there was no review or appeal process by which to address the wrong. Plaintiff contends that her protected property right was "triggered" by her inability to obtain a license due to that allegedly improper reporting. However, neither party submits any evidence that details the steps involved either in obtaining a license or the level of discretion that the Board has in granting one. Regardless, it is undisputed that plaintiff was prevented from taking the licensing exam due to the fact that the defendant had reported the tuition balance owed. Although defendant suggests plaintiff had no property interest in being allowed to sit for the exam, and this Court was unable to find Eighth Circuit precedent on the matter, there is precedent from other jurisdictions that suggests plaintiff may have had a property interest in taking the exam. *See Conrad v. Cnty. of Onondaga Examining Bd. for Plumbers*, 758 F. Supp. 824, 827 (N.D.N.Y. 1991) ("the denial of the right to take the [Master Plumber's license] exam might constitute deprivation of a property interest protected by the

Fourteenth Amendment"); *Percesepe v. New York State Dep't of Labor*, 94-CV-3005 (JG), 1996 WL 1057165 (E.D.N.Y. Dec. 12, 1996) *aff'd*, 125 F.3d 844 (2d Cir. 1997) (observing that plaintiff "does have the right, and in fact exercised it, to take an exam to qualify for a license to operate a hydraulic crane in New York State"); *Charry v. Hall*, 709 F.2d 139 (2d Cir.1983) (finding that the plaintiff had a property interest in taking exam to qualify for a psychologist license). Plaintiff contends that defendant deprived her (at least temporarily) of that right by reporting the alleged tuition balance owed and then failing to provide plaintiff with a process by which to remedy the matter.

Next defendant argues that the record does not support that plaintiff was denied a notice, hearing, or a fair and impartial decisionmaker. "If the government wishes to deprive a person of a liberty or property interest, due process requires the government to provide notice and the opportunity for a meaningful hearing appropriate to the nature of the case." *Stone*, 350 S.W.3d at 27. Plaintiff contends that the defendant failed to notify her that the report had been made — that, instead, plaintiff learned of the report only when she was denied the opportunity to sit for the cosmetology examination. Defendant replies that plaintiff requested forgiveness of the outstanding tuition balance, that such forgiveness was denied, and that such provided plaintiff with due process. Defendant argues that plaintiff's mere disagreement with the outcome does not establish a constitutional violation.

Plaintiff's response appears to be that the "process" that was allowed came too late — that she was prevented from taking the licensing examination as a result of the defendant's failure to advise. Defendant appears to suggest that plaintiff was provided with notice because a letter with her account statement was mailed to her, but plaintiff contends that letter was not sent to the proper address and that she never received it. Because there is at least a question of fact as

to the matter of notice and process afforded to plaintiff, defendant's motion for summary judgment will be denied.

**IV.      Conclusion**

Summary judgment shall be granted to defendant on Counts I, II, IV, and V.  Counts III and VI remain for trial.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion for Partial Summary Judgment (#14) is **GRANTED in part and DENIED in part.**

**IT IS FURTHER ORDERED** that summary judgment is granted as to Counts I, II, IV, and V**.**

**IT IS FINALLY ORDERED** that summary judgment is denied as to Count VI.

Dated this  _3rd_  day of December, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE